```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND


SWAROVSKI AKTIENGESELLSCHAFT and
SWAROVSKI NORTH AMERICA LIMITED,
                 Plaintiffs,


         v.                                       C.A. No. 11-627-ML


BUILDING #19, INC.,

         Defendant.
```

**MEMORANDUM AND ORDER**

MARY M. LISI, Chief District Judge.

The plaintiffs in this trademark infringement case[1], Swarovski Aktiengesellschaft and Swarovski North America Limited (together, "Swarovski"), seek to enjoin the defendant, Building #19, Inc. ("Building # 19) from using the Swarovski name or mark in its advertising for sales of Swarovski products. The matter is before the Court on Swarovski's motion for clarification of the Court's decision to grant, in part, Swarovski's motion for preliminary injunction.

---

[1] The factual background and procedural history of the case thus far have been set forth in some detail in <u>Swarovski Aktiengesellschaft v. Building # 19, Inc.</u>, 704 F.3d 44 (1st Cir. 2013).

I.  **Facts and Procedural History**

Swarovski manufactures crystal jewelry and collectibles; Building #19 is an off-price retail store. After Building # 19 bought a large number of Swarovski crystal products from a salvage company, it sold the products during two special sales events. Following those events, Swarovski sent a "cease and desist" letter to Building # 19 and filed a complaint in this Court (Docket # 1). In response, Building # 19 agreed to refrain from advertising or selling the remaining Swarovski products.

In April 2012, while the case against it was pending, Building # 19 informed Swarovski that it intended to advertise and sell the remaining Swarovski products in time for Mother's day on May 13, 2012. Swarovski promptly filed a motion for preliminary injunction (Docket # 14). On May 1, 2012, this Court conducted an evidentiary hearing on the motion. Mindful of the urgency of Swarovski's motion, the Court issued an oral decision and granted Swarovski's motion only in part. The Court instructed Building # 19 that the name "Swarovski" at the top of its planned advertisement could be no larger than the font used for the name in the disclaimer at the bottom. (Docket # 23). Although neither party objected to the Court's decision at the hearing, Building # 19 filed a notice of appeal on May 21, 2012. (Docket # 25).

On January 9, 2013, the First Circuit reversed the preliminary injunction against Building # 19 and remanded the case to this

Court for further proceedings. <u>Swarovski Aktiengesellschaft v. Building # 19, Inc.</u>, 704 F.3d at 55. On January 24, 2013, Swarovski filed a motion for clarification (Docket # 31) of the Court's May 1, 2012 decision. On February 6, 2013, the Court conducted a conference with the parties, in the course of which the Court set discovery deadlines for a determination of the case on its merits. (Docket # 33). Following the conference, Building # 19 filed a memorandum in opposition (Docket # 34) to Swarovksi's motion, to which Swarovski filed a reply. (Docket # 35).

**II.   The Parties' Positions**

Swarovski requests that the Court (1) "make explicit" its "previously implicit finding" that Building # 19's use of the Swarovski name is likely to cause confusion; (2) find that Swarovski has presented sufficient evidence to establish "irreparable harm;" and (3) reinstate the preliminary injunction it had previously issued. Pltfs.' Mot. at 4-5. Swarovski also suggests that the evidence presented to this Court in the May 1, 2012 evidentiary hearing provided sufficient grounds for the Court's findings. <u>Id.</u> at 5.

Building # 19, in opposing Swarovski's motion, suggests that "[i]t is neither appropriate nor necessary to revisit the preliminary injunction evidence and findings of this Court." In particular, Building # 19 asserts that "the First Circuit has confirmed that Swarovski did not prove its case at the preliminary

injunction stage," Def.'s Mem. at 1, and that "this Court made express findings that likely confusion ... was not established." Id.  Building # 19 also points out that the case is "proceed[ing] towards resolution by dispositive motion or trial." Id. at 2.

**III. Discussion**

On May 1, 2012, when the Court conducted an evidentiary hearing, Swarovski's motion for preliminary injunction was intended to preclude Building # 19 from using Swarovski's name in advertisements for an upcoming sale only days away. To afford the parties a temporary resolution to a dispute that had suddenly become urgent, the Court proceeded in an expedited manner and issued an oral decision instead of taking the matter under advisement. The appeal was taken while Swarovski's request for permanent injunction was still pending.

At this time, the parties are proceeding with the case in order to resolve the case on the merits. Swarovski's motion for preliminary injunction in connection with the 2012 Mother's Day sale was terminated after the Court issued its oral decision. No other motion for preliminary injunction is currently pending; nor have the parties indicated that a situation has arisen that would require this Court to revisit its earlier decision at this time. By all accounts, Building # 19 continues to be in possession of the remaining Swarovski products, but a sale and/or advertising of those products is not currently imminent.

4

Because the case is now proceeding on the merits, and in the absence of any other pending motions, the Court is of the opinion that Swarovski's motion for clarification is moot and that its arguments need not be considered at this time. Should either party engage in conduct that would necessitate a revisiting of the issues prior to a final determination of the case, the other party is free to file an appropriate motion for relief.

## Conclusion

For the reasons stated herein, the Plaintiffs' motion for clarification is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

March 12, 2013